## PEOPLE v. FLEWELLYN

### (Steuben County Court. June 25, 1908.)

1. HUSBAND AND WIFE—ABANDONMENT—CRIMINAL PROSECUTION—EVIDENCE—SUFFICIECY.

    Evidence *held* insufficient to sustain a conviction of accused as a disorderly person for having abandoned his wife without providing for her support, etc.

2. SAME—SELECTION OF HOME—DUTY OF WIFE.

    It is the duty of a wife to accompany her husband to the home he provides if suitable for their station in life, and if a husband, for reasons of his own, does not choose to reside with his wife and support her while she is staying with her people, it is her duty to go with him to the place where he is willing to support her, and make a home for him.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Husband and Wife, § 1102; vol. 17, Divorce, § 129.]

Appeal from Recorder's Court of Hornell.

Guy B. Flewellyn was convicted of being a disorderly person, and appeals. Reversed.

Harry L. Allen, for appellant.

E. C. Smith, Dist. Atty., for the People.

BURRELL, J. The information on which the warrant was issued charges the defendant with all three of the provisions of section 899 of the Criminal Code, to wit, with having abandoned his wife without adequate support, and left her in danger of becoming a burden upon the public, and that he neglects to provide for her according to his means, but does not set forth any facts showing in what manner he has violated either one. The information is made by the wife of the defendant.

The evidence shows that prior to the separation of the parties the defendant had applied his earnings towards the purchase of a house, the title of which was placed in the wife's name, and that she still owns it, although there is a small mortgage upon it. The wife since the separation has worked at various places, and received fair compensation for her labor. She is supported by her relatives, and at the time these proceedings were instituted they were actually furnishing a home for her. There is no evidence that she has been or is about to become a charge on the public, and she has never made any application to the overseer of the poor of the city of Hornell for assistance, so that two of the charges in the information, to wit, that the defendant has abandoned his wife without adequate support, and has left her in danger of becoming a burden upon the public, are not sustained by her own testimony.

As to the other charge, that the defendant "neglects to provide for her according to his means," the evidence is somewhat conflicting. The wife testifies that the defendant refused to support her, and that she stated to him that she was willing to go anywhere with him. On the other hand, the defendant testifies that he refused to support her as long as she remained with her people, that he was and is willing to support her if she would leave her people, and that she refused to do so. I think the people fail to establish by the burden of proof that the defendant was a disorderly person within the meaning of section 899 of the Criminal Code. It is a duty of a wife to go with her husband to the home which he provides, if that home is suitable for their station in life. It does not lie with the wife to say where that home shall be, and, if the defendant in this case did not choose for reasons of his own to reside with his wife and support her while she was staying with her own people, then it was her duty to go with him to the place where he was willing to support her and make a home for him, as well as he aid in making a home for her. In People v. Pettit, 74 N. Y. 320–324, the court says:

"A husband cannot be made a vagrant and a disorderly person, and held amenable to this statute, by not complying with any condition in respect to support which the wife may see fit to impose."

In the case at bar, inasmuch as the defendant is ready and willing to support her if she will go with him away from her people as the evidence shows he is, then she should go with him. And the people failed by a fair preponderance of the evidence to show the defendant to be a disorderly person under section 899 of the Code of Criminal Procedure.

The conviction of the defendant as a disorderly person by the Court of Special Sessions should be reversed. Ordered accordingly.